IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FELICIA LOMAX, #214555, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:13-CV-148-WHA ) |
| KIM TOBIAS THOMAS, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, an indigent state inmate, initiated this cause of action on March 8, 2013. Subsequently, and prior to the defendants filing a response to the complaint, the plaintiff filed "a motion of dismissal ... seeking leave." to dismiss this case. *Doc. No. 14* at 1. The court therefore construes this document as a motion to dismiss.

Upon consideration of the plaintiff's motion to dismiss, the court concludes that the motion is due to be granted. Furthermore, since the defendants have filed no responsive pleading addressing the claims raised in the complaint, the court discerns that this case should be dismissed without prejudice. *See* Rule 41(a)(1), *Federal Rules of Civil Procedure*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion to dismiss be GRANTED.

2. This case be dismissed without prejudice.

3. No costs be taxed herein.

It is further

ORDERED that on or before June 3, 2013 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will

not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of May, 2013.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE